DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

In the Interest of A.C., a child.

E.C.,

Appellant,

v.

DEPARTMENT OF CHILDREN AND FAMILIES and
STATEWIDE GUARDIAN AD LITEM OFFICE,

Appellees.

No. 2D2024-0983

_____

August 21, 2024

Appeal from the Circuit Court for Manatee County; Gilbert A. Smith, Jr.,
Judge.

Sean Powers of McNary Powers, PLLC, Bradenton, for Appellant.

Meredith K. Hall, Children's Legal Services, Bradenton, for Appellee
Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Caitlin E.
Burke, Senior Attorney, Tallahassee, for Appellee Statewide Guardian ad
Litem Office.

PER CURIAM.

Attorney Sean Powers, Florida Bar Number 125730, appeared before this court on June 11, 2024, to show cause why sanctions should not be imposed for his failure to comply with this court's orders.

On April 26, 2024, Attorney Powers filed the notice of appeal of the order terminating the mother's parental rights. Termination of parental rights proceedings are to follow an expedited schedule. *See* Fla. R. App. P. 9.146(g), (h).

On April 26, 2024, this court issued an order directing the mother to show cause why the appeal should not be dismissed for lack of jurisdiction because the mother failed to provide a copy of the order appealed. Attorney Powers did not respond.

On May 7, 2024, this court followed up with an order directing Attorney Powers to comply with the April 26 order or risk sanctions. Attorney Powers did not respond.

On May 9, 2024, this court issued an order directing Attorney Powers to provide the court reporter with the audio CD and to certify to this court that he had done so. Attorney Powers did not respond.

On May 30, 2024, this court issued an order directing Attorney Powers to comply with the May 9 order or risk sanctions. Attorney Powers did not respond.

On May 29, 2024, this court issued an order to show cause for Attorney Powers to appear and show cause why sanctions should not be imposed for his failure to comply with this court's orders of April 26 and May 7 that directed him to show cause why this appeal should not be dismissed for lack of jurisdiction because he failed to provide a copy of the order appealed and with the May 9 order that directed him to provide the court reporter with the audio CD. The order advised that if Attorney

2

Powers complied with the orders by 1 p.m. on Thursday, May 30, 2024, he could seek to discharge the order to show cause.

Attorney Powers did not take advantage of the purge provision of the May 29, 2024, order to show cause but appeared before the panel as scheduled. He stated that he was deeply apologetic and that he could not explain his failure to comply with this court's orders. He mentioned that he has been overwhelmed from taking on too many cases in his private practice and from participating in multiple voluntary Bar activities. He mentioned that he recently moved offices. Attorney Powers also mentioned that he had not been paid in this case. He did not offer any assurances that he would comply with this court's orders.

Due to Attorney Powers' failure to comply with this court's directives and the attendant delays, we hereby refer this matter to The Florida Bar for investigation and initiation of such proceedings as may be appropriate.

BLACK, ATKINSON, and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.